UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. SA-14-CA-662-XR |
| | ) | |
| RESIDENCE LOCATED AND | ) | |
| SITUATED AT 27210 TRINITY | ) | |
| CROSS, BEXAR COUNTY, | ) | |
| SAN ANTONIO, TEXAS, | ) | |
| | ) | |
| Respondent. | ) | |

**UNITED STATES OF AMERICA'S MOTION FOR DEFAULT JUDGMENT OF
FORFEITURE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Comes now Petitioner, United States of America, by and through the United States

Attorney for the Western District of Texas, and the undersigned Assistant United States Attorney,

and respectfully moves this Court, pursuant to Fed. R. Civ. P. 55(b)(2), for entry of a Default

Judgment of Forfeiture in the instant cause of action.   The United States would show the Court as

follows:

**I.**

The Motion is supported by the Verified Complaint for Forfeiture (Doc. 1), which was

filed in this cause by the United States of America on July 23, 2014, and by the Acknowledgment

of Assistant United States Attorney Mary Nelda G. Valadez which is incorporated herein, and

thereby serves as the affidavit of Mary Nelda G. Valadez.   The Respondent Property includes:

Real Property located and situated at **27210 Trinity Cross, Bexar County, San Antonio,**

**Texas,** with all buildings, appurtenances, and improvements thereon and any and all surface and

sub-surface rights, title and interests, if any, and being more fully described as follows:

**Lot 15, Block 133, County Block 4847, Silverado Hills, Unit-3, An Addition in Bexar County, Texas, According to the Plat Thereof Recorded in Volume 9579, Pages 63 and 64, Deed and Plat Records of Bexar County, Texas,**

hereinafter referred to as the Respondent Real Property.

## II.

On July 29, 2014, this Court issued an Order to Post Complaint for Forfeiture of Respondent Real Property (Doc. 4).   Accordingly, the Notice was posted upon the Respondent Real Property on or about August 15, 2014 (Doc. 11).   The Notice of Complaint for Forfeiture was also duly published on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on August 2, 2014 and ending on August 31, 2014, as required by Rule G(4)(a)(iv)(C), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   The Declaration of Publication (Doc. 10) was filed on September 3, 2014.

## III.

In addition to the publication of public notice, the following individuals and entities were served with notice of this civil forfeiture action:

1.   Mario Salas was personally served on September 15, 2014 (Doc. 12);

2.   Comal County Appraisal District was personally served on September 12, 2014 (Doc. 12);

3.   Comal County Tax Assessor-Collector was personally served on September 12, 2014 (Doc. 12);

4.   Bexar County Appraisal District was personally served on September 15, 2014 (Doc. 12);

5.   Bexar County Tax Assessor-Collector was personally served on September 12, 2014 (Doc. 12);

6.    Barbara Lowry, managing agent for Bexar County Silverado Hills Homeowners Association, Inc., was personally served on September 12, 2014 (Doc. 12);

7.    Any and all other potential claimants were served by internet publication of public notice of the filing of the Verified Complaint for Forfeiture against the Respondent Real Property.

## IV.

On August 22, 2014, an Original Answer (Doc. 8) and Verified Claim (Doc. 9) were filed by Bexar County, Texas, et al.   In addition, the United States has agreed to enter into a Stipulation with Bexar County Silverado Hills Homeowners Association, Inc. for payment of unpaid homeowners' association assessments, late fees, collection fees, legal expenses and filing fees. The United States will file said Stipulation simultaneously with this motion.

Court records for the United States District Clerk's Office, San Antonio Division, reveal that no other claims or answers have been filed in this cause of action against the Respondent Real Property, save and except for those filed by the Bexar County Taxing Authorities (Docs. 8 and 9), and the time for filing such has now expired.

Therefore, this case is currently in default, save and except for the Bexar County Taxing Authorities and the Bexar County Silverado Hills Homeowners Association, Inc., and it is appropriate for the United States to move for a default judgment against any and all right, title, and interest of Mario Salas, and any and all other potential claimants in the Respondent Real Property.

## V.

To the best of the undersigned Assistant United States Attorney's belief, only the parties served herein have an interest in the Respondent Real Property.   The undersigned Assistant United States Attorney is not aware of a minor child, incompetent person, or person in the military

with an interest in the action.   The United States of America's claim is for a sum certain or a sum which by computation can be made certain.

## VI.

The undersigned Assistant United States Attorney knows of no reason why a default judgment in favor of Petitioner United States of America should not be entered against the Respondent Real Property, defaulting any and all right, title, and interest of Mario Salas and any and all other potential claimants, save and except for the Bexar County Taxing Authorities and Bexar County Silverado Hills Homeowners Association, Inc., in the Respondent Real Property.

## VII.
## MEMORANDUM OF LAW

Pursuant to the provisions of Fed. R. Civ. P. 55(b)(2), it is within the discretion of this Court to enter a judgment of default in favor of Petitioner United States of America in the Respondent Real Property, against any and all right, title, and interest of Mario Salas, and any and all other potential claimants, save and except for the Bexar County Taxing Authorities and Bexar County Silverado Hills Homeowners Association, Inc., in the Respondent Real Property.

Rule 55(a), Fed. R. Civ. P. provides in part as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Judgment by default may be entered by the clerk upon request of the plaintiff and an affidavit of the amount due when the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation" if the defendant has been defaulted for failure to appear and is not

4

an infant or incompetent person.   Fed. R. Civ. P. 55(b)(1).   "In all other cases, the party must apply to the court for a default judgment . . . ."   Fed. R. Civ. P. 55(b)(2).

Failure of the claimant to file either a verified claim or an answer in a timely manner to the complaint for forfeiture requires the entry of default judgment.   *United States v. Commodity Account at Saul Stone & Co.*, 1999 WL 91910, *4 (N.D. Ill. 1999) (once notice has been published and the time for filing claims has expired, the court may enter a default judgment against all potential claimants who did not file claims), *aff'd*, 219 F.3d 595 (7th Cir. 2000); *see also United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 318 (5th Cir. 1984).

The Fifth Circuit has held that a district court may order entry of a default for failure to comply with court rules of procedure.   *One 1978 Piper Navajo PA-31*, 748 F.2d at 318 & n.4. Federal courts, in the exercise of discretion, have traditionally held claimants to strict compliance with the provisions of Rule C(6)[1] of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   *See United States v. Three Parcels of Land, et al*, 43 F.3d 388, 391 (8th Cir. 1994); *United States v. $38,750 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992); *One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 318-19.

In the instant case, any and all potential claimants were instructed that pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, all persons asserting an interest in or claim against the Respondent Real Property who have received direct notice of the forfeiture action must file a verified claim with the Clerk of the United States District Court, Western District of Texas, San Antonio Division, no later than **thirty-five (35)** days after the notice was received.   If notice was published but direct notice was not sent to the claimant or

---

[1]Supplemental Rule C was amended effective December 1, 2006, to reflect the adoption of Supplemental Rule G which currently governs the procedure in forfeiture actions.

the claimant's attorney, a verified claim must be filed with the Clerk of the United States District Court, Western District of Texas, San Antonio Division, no later than **sixty (60)** days from the first day of publication of the notice.   Additionally, any person having filed such a claim shall also serve and file an answer to the complaint with the Clerk of the United States District Court, Western District of Texas, San Antonio Division, no later than **twenty-one (21)** days after filing the claim.   Therefore, based on the facts set forth in the instant motion and on the applicable statutes and case law, the United States moves for the Court to forfeit the Respondent Real Property to the United States of America.

## VIII.

Petitioner, United States of America, moves this Court to find that the United States has proven by a preponderance of the evidence, based on the facts set forth in the Verified Complaint (Doc. 1), that there is a nexus between the Respondent Real Property and the violations of Title 21 U.S.C. §§ 801, *et seq*., and that the Respondent Real Property is subject to forfeiture to the United States pursuant to Title 21 U.S.C. §§ 881(a)(6) and (7).

## IX.

Petitioner, United States of America, further moves this Court to order the United States Marshals Service and/or its designated agent to dispose of the Respondent Real Property in accordance with the law.

## X.

Petitioner, United States of America, further moves this Court to order that the United States Marshals Service shall be reimbursed for any and all costs and expenses incurred relating to the seizure, custody, and maintenance of the Respondent Real Property.

## XI.

Plaintiff, United States of America, further moves the Court to order that upon liquidation of the Respondent Real Property, the United States Marshals Service, and/or its designated custodian, pay any and all ad valorem taxes that may be due and owing against the Respondent Real Property.

## XII.

Petitioner, United States of America, further moves this Court to find that the Notice of Assessment Lien held by Bexar County Silverado Hills Homeowners Association, Inc. against the Respondent Real Property will be paid pursuant to the Stipulation filed in this cause.

## XIII.
## PRAYER

WHEREFORE, Petitioner United States of America respectfully moves this Court to enter a Default Judgment of Forfeiture in favor of Petitioner United States of America, against the Respondent Real Property, against any and all right, title, and interest of Mario Salas, and any and all other potential claimants, save and except for the Bexar County Taxing Authorities and Bexar County Silverado Hills Homeowners Association, Inc., in the Respondent Real Property.  The United States of America also seeks such other and further relief this Honorable Court deems just and proper.

Respectfully submitted,

ROBERT PITMAN
United States Attorney

By: _____

MARY NELDA G. VALADEZ
Asset Forfeiture Section
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Texas State Bar No. 20421844

Attorneys for the United States of America

### ACKNOWLEDGMENT OF MARY NELDA G. VALADEZ

**STATE OF TEXAS**           )
                                                  )
**COUNTY OF BEXAR**     )

Before me on this 10th day of November, 2014, personally appeared Assistant United States Attorney Mary Nelda G. Valadez, whose signature appears above, and who swears and affirms that the information contained in the foregoing Motion for Default Judgment of Forfeiture and Memorandum of Law in Support Thereof is true and correct to the best of her knowledge.



BEVERLY J. WILLIAMS
MY COMMISSION EXPIRES
October 7, 2015

Notary Public in and for the State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2014, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, and have been sent by ECF notification and/or mailed by certified mail, return receipt requested, addressed as follows:

Linebarger, Goggan, Blair and Sampson, LLP
P.O. Box 17428
Austin, Texas 78760
Attorney for Bexar County Taxing Authorities

Leigh Leshin Levy
Pulman, Cappuccio, Pullen, Benson & Jones, LLP
2161 NW Military Highway, Ste. 400
San Antonio, Texas 78213
Attorney for Bexar County Silverado Hills Homeowners Association, Inc.


MARY NELDA G. VALADEZ
Assistant United States Attorney
Tel. (210) 384-7040

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. SA-14-CA-662-XR** |
| | ) | |
| **RESIDENCE LOCATED AND** | ) | |
| **SITUATED AT 27210 TRINITY** | ) | |
| **CROSS, BEXAR COUNTY,** | ) | |
| **SAN ANTONIO, TEXAS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## DEFAULT JUDGMENT OF FORFEITURE

Petitioner, United States of America, has moved this Court, pursuant to Fed. R. Civ. P. 55(b)(2), for entry of a Default Judgment of Forfeiture in favor of Petitioner United States of America against any and all right, title, and interest of Mario Salas, and any and all other potential claimants, save and except for the Bexar County Taxing Authorities and Bexar County Silverado Hills Homeowners Association, Inc, in the following Respondent Real Property:

Real Property located and situated at **27210 Trinity Cross, Bexar County, San Antonio, Texas**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title and interests, if any, and being more fully described as follows:

> **Lot 15, Block 133, County Block 4847, Silverado Hills, Unit-3, An Addition in Bexar County, Texas, According to the Plat Thereof Recorded in Volume 9579, Pages 63 and 64, Deed and Plat Records of Bexar County, Texas.**

The Court finds that Petitioner has proven by a preponderance of the evidence that there is a nexus between the Respondent Real Property and the violations of Title 21 U.S.C. §§ 801, *et seq.*, by virtue of the facts cited in the Verified Complaint for Forfeiture (Doc. 1) which was filed on July 23, 2014, that the Respondent Real Property is subject to forfeiture to the United States of

America pursuant to Title 21 U.S.C. §§ 881(a)(6) and (7); that the following persons and entities have been properly served with notice of this civil forfeiture action:   Mario Salas, Bexar County Tax Assessor-Collector; Bexar County Appraisal District; Comal County Tax Assessor-Collector; Comal County Appraisal District; and Barbara Lowry, managing agent for Bexar County Silverado Hills Homeowners Association, Inc. All other potential claimants have been adequately served by internet publication of public notice.

Petitioner has also shown that neither claims nor answers have been filed in this cause of action, save and except for those of the Bexar County Taxing Authorities (Docs. 8 and 9), as required by Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Order to Post Notice of Complaint for Forfeiture of Respondent Real Property (Doc. 4) entered on July 29, 2014.

Therefore, Mario Salas, and any and all other potential claimants, save and except for the Bexar County Taxing Authorities and Bexar County Silverado Hills Homeowners Association, Inc,, are all now in default and this Court, being duly and fully apprised in all the premises, is of the opinion that Petitioner's Motion is well-founded and should be, and hereby is, in all things GRANTED. IT IS THEREFORE

ORDERED that a Default Judgment of Forfeiture be, and hereby is, entered against the Respondent Real Property; and, IT IS FURTHER,

ORDERED that any and all right, title, and interest of Mario Salas in the Respondent Real Property be, and hereby is, held in default and FORFEITED to the United States of America; and, IT IS FURTHER

ORDERED that any and all right, title, and interest of any and all other potential claimants, save and except for the Bexar County Taxing Authorities and Bexar County Silverado Hills

Homeowners Association, Inc,, in the Respondent Real Property be, and hereby is, held in default and FORFEITED to the United States of America; and, IT IS FURTHER,

ORDERED that the Respondent Real Property, be and hereby are, FORFEITED to the United States of America; and, IT IS FURTHER,

ORDERED that the United States Marshals Service and/or its designated agent shall dispose of the Respondent Real Property in accordance with the law; and, IT IS FURTHER,

ORDERED that any and all costs and expenses regarding the seizure and forfeiture of the Respondent Real Property shall be reimbursed to the United States Marshals Service, and/or its designated substitute custodian for the disposal of the Respondent Real Property.

ORDERED that upon liquidation of the Respondent Real Properties, the United States Marshals Service, and/or its designated custodian, shall pay any and all ad valorem taxes that may be due and owing against the Respondent Real Property, and IT IS FURTHER,

ORDERED that the Notice of Assessment Lien held by Bexar County Silverado Hills Homeowners Association, Inc. against Respondent Real Property will be paid pursuant to the Stipulation filed in this cause, and IT IS FURTHER

IT IS SO ORDERED.

SIGNED the _____ day of _____, 2014.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

3